UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAMMEL CROW RESIDENTIAL COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:08-CV-00685-B |
| VIRGINIA SURETY COMPANY, INC., | § § § | |
| Defendant and Third-Party Plaintiff, | § § | |
| v. | § § | |
| AMERICAN PROTECTION INSURANCE COMPANY and OLD REPUBLIC INSURANCE COMPANY, | § § § § § | |
| Third-Party Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Virginia Surety Company, Inc.'s Motion For Leave to File Virginia Surety Company, Inc.'s Second Amended Third-Party Complaint and Brief in Support Thereof (doc. 99). For the reasons that follow, the Motion is **DENIED** (doc. 99).

### I.

### BACKGROUND

Plaintiff Trammell Crow Residential Company ("Trammell Crow") filed a state court action against Defendant Virginia Surety Company, Inc. ("Virginia Surety") on March 5, 2008. The action pertained to Virginia Surety's defense of Trammel Crow in an underlying Colorado action. Virginia Surety removed the case to federal court on April 18, 2008 and filed a third-party action for contribution and indemnity against American Protection Insurance Company

("APIC") and Old Republic Insurance Company ("Old Republic") on October 29, 2008.

Following eight months of pretrial proceedings, Virginia Surety filed its First Amended Third-Party Complaint on June 12, 2009. Subsequently, APIC filed a Motion for Summary Judgment on all claims brought by Virginia Surety on June 23, 2009.

Virginia Surety moved the Court for leave to file a Second Amended Third-Party Complaint on July 13, 2009. If granted, Virginia Surety plans to assert an additional claim of contractual subrogation.

## II.

## LEGAL STANDARD

A party may only file a second amended pleading with opposing counsel's written consent or the court's leave. FED. R. CIV. P. 15(a)(2). In determining whether to grant an amendment request, "a court should freely give leave when justice so requires." *Id*. Yet while it should be freely given, leave to amend pleadings is not automatic. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). Such leave may be denied if sought for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962). In determining whether such reasons exist, a court may consider factors such as how long the movant has been aware of the facts to be alleged in the proposed amendment, whether extensive pretrial proceedings have taken place and whether the opponent has already filed a summary judgment motion based on the current pleadings. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 599 (5th Cir. 1981); *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990).

## III.

## ANALYSIS

Virginia Surety seeks leave to amend its Third-Party Complaint so it may rely on the Eastern District of Texas's ruling in *Duininck Bros, Inc. v. Howe Precast, Inc.* No. 4:06-cv-441, 2008 WL 4411564 (E.D. Tex. 2008). Virginia Surety notes the opinion in *Duininck Bros* was issued after this cause was commenced and could affect the analysis of the claims and defenses in the cause at hand.

Virginia Surety also seeks leave to amend its Third-Party Complaint to assert an additional claim of contractual subrogation. It notes the terms of the insurance policy giving rise to contractual subrogation were known and available to all parties throughout the cause of action. Further, the depositions of the corporate representatives of Virginia Surety, APIC and Old Republic have yet to take place. Thus, Virginia Surety argues allowing the amendment would cause no undue prejudice to the opposing parties.

The Court finds Virginia Surety's arguments unpersuasive. Virginia Surety previously amended its pleadings on June 12, 2009. As the opinion in *Duininck Bros* was issued September 23, 2008, the ruling was available for Virginia Surety's use at the time of its First Amended Third-Party Complaint.

The insurance policy giving rise to any contractual subrogation claim has also been known and available to Virginia Surety since the beginning of this action. Further, although Virginia Surety notes that certain depositions have yet to take place, substantial pretrial proceedings and discovery have already occurred. Allowing such an amendment would leave APIC and Old Republic with only two weeks for additional discovery on the new claim. Additionally, APIC has already filed a Motion for Summary Judgment with the Court based on

the current pleadings.  Accordingly, the Court finds allowing such an amendment would cause APIC and Old Republic undue prejudice.

## IV.

## CONCLUSION

The Court finds that granting Virginia Surety leave to amend its Third-Party Complaint would cause APIC and Old Republic undue prejudice.  Having thus considered the Motion, the Court finds it should be and hereby is **DENIED** (doc. 99).

**SO ORDERED.**

**SIGNED August 3, 2009**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE