UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRAMMELL CROW RESIDENTIAL COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:08-CV-0685-B |
| VIRGINIA SURETY COMPANY, INC., | § § § | |
| Defendant and Third-Party Plaintiff, | § § | |
| v. | § § | |
| AMERICAN PROTECTION INSURANCE COMPANY and OLD REPUBLIC INSURANCE COMPANY, | § § § § § | |
| Third-Party Defendants. | § | |

## MEMORANDUM ORDER

Defendant, Counter Claimant and Third-Party Plaintiff Virginia Surety Company, Inc. ("Virginia Surety") has filed two motions regarding choice of law in this case. The motions are styled, respectively, Virginia Surety's Motion for Choice of Law (doc. 92) and Virginia Surety's Motion for Choice of Law with Respect to Trammell Crow Residential Company ("Trammell Crow") (doc. 114). For the reasons stated below, the Court **DENIES** both motions, finding that Texas law controls in this action.

I.

BACKGROUND

Plaintiff Trammell Crow filed this action against Virginia Surety complaining of the insurer's handling of the defense of a Colorado construction defect case brought against Trammell Crow.

("Colorado Action"). (*Id*. at ¶¶ 10-16.) Virginia Surety had issued a commercial general liability policy to Trammell Crow for the policy period of February 15, 2002 through February 15, 2003. (*Id*. at ¶ 7.) This suit, originally filed in state court, sought declaratory judgment and damages for an alleged breach of contract, violation of the Texas Insurance Code, and violation of the Texas Deceptive Trade Practices Act. (*See generally* Trammell Crow Residential Co.'s First Am. Compl.) Virginia Surety counterclaimed seeking contribution for Trammell Crow's pro rata portion of defense costs and indemnity payments in the Colorado Action. (Def. Virginia Surety Insurance Co.'s Answer to Pl.'s First Am. Compl. and Countercl. ¶¶ 68-70.) In its Counterclaim, Virginia Surety alleges Trammell Crow is obligated to participate pro rata in the defense and indemnity of the Colorado Action because Trammell Crow has fulfilled its deductible under its other policies with Old Republic Insurance Company ("Old Republic") and American Protection Insurance Company ("APIC"). (*Id*.) Virginia Surety further alleges the policy between Virginia Surety and Trammell Crow constitutes a contract, thereby entitling Virginia Surety to damages for Trammell Crow's breach.[1] (*Id*.). Virginia Surety removed the case from state court to this Court on April 18, 2008.

After removal, Virginia Surety filed a third-party complaint against Old Republic and APIC seeking contribution for their pro rata portion of defense costs and indemnity payments in the Colorado Action, equitable subrogation for their pro rata portion of defense costs and indemnity payments in the Colorado Action, and contribution for their pro rata portion of defense costs and/or indemnity payments in the Colorado Action to the extent either is liable for all or a part of the claims asserted by Trammell Crow against Virginia Surety. (Virginia Surety Ins. Co., Inc.'s Third-Party Compl. ¶¶ 12-14, 17-19.) Alternatively, Virginia Surety seeks equitable subrogation for Old Republic

---

[1]Virginia Surety also seeks recovery of its attorneys' fees in prosecution of its breach of contract claim. (Def. Virginia Surety Ins. Co.'s Answer to Pl.'s First Am. Compl. and Countercl. ¶¶ 68-70.)

and APIC's pro rata portion of defense costs and/or indemnity payments in the Colorado Action to the extent that either is liable for all or a part of the claims asserted by Trammell Crow against Virginia Surety. (*Id*. at ¶¶ 11-20.)

On July 13, 2009, Virginia Surety filed its Motion for Choice of Law, (doc. 92), followed by its Motion for Choice of Law with Respect to Trammell Crow Residential (doc. 114). Both motions urge the Court to apply Colorado law to the legal disputes at hand.  Having considered the Motions, the parties' briefing, and the relevant law, the Court now turns to the issues.

## II.

## LEGAL STANDARDS

### A. Choice of Law

When a case is connected to more than one state , "[i]f the laws do not conflict, then no choice-of-law analysis is necessary." *W.R. Grace & Co. v. Cont'l Cas. Co.*, 896 F.2d 865, 874 (5th Cir. 1990).  However, if a conflict does exist, a federal district court sitting in diversity must apply its forum state's conflict of laws rules to perform a conflict of laws analysis. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

In Texas, choice of law is initially determined by any contractual agreement between the parties as to which law shall govern. *Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 53 (Tex. 1991).  When there is no such contractual agreement, a court must look to whether a relevant statute directs the application of a particular state's laws.  *Id*.  Absent a statutory directive, a court must look to the principles espoused in the Restatement (Second) of Conflict of Laws to determine which state has the most significant relationship to the issue presented for determination. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 6 (1971)[hereinafter Restatement]; *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984).  The Restatement provides the following

general considerations to guide a choice of law determination: " (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interest of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result; and (g) ease in the determination and application of the law to be applied." Restatement §6(2).

In instances specifically involving the interpretation of an insurance contract, Texas courts refer to the following factors set forth in Restatement § 188: "(1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicil, residence, nationality, place of incorporation, and place of business of the parties." *Minnesota Min. and Mfg. Co. v. Nishika Ltd.*, 953 S.W. 2d 733, 735-36 (Tex. 1997); Restatement § 188(2).

When conducting a choice of law analysis regarding a statutory claim, Texas courts look to § 145 of the Restatement regarding tort claims. *TV-3, Inc. v. Royal Ins. Co. of Am.*, 28 F. Supp. 2d 407, 419-20 (E.D. Tex. 1998). The factors to be considered under Restatement § 145 include: "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicil, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered." Restatement § 145(2). Section 145 further provides these factors are to be considered "according to their relative importance with respect to the particular issue." *Id.*

**B. Texas Insurance Code Article 21.42**

Texas Insurance Code Article 21.42 states:

Any contract of insurance payable to any citizen or inhabitant of this State by any

>   insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed and the premiums and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same.

TEX. INS. CODE ART. 21.42. Thus, under Article 21.42, Texas law shall be applied to a matter if the proceeds of the insurance policy are payable[2] to a "citizen or inhabitant" of the state, the policy issued pursuant to a contract is issued by a company doing business in Texas; and the policy is issued in the course of such company's Texas business. *Scottsdale Ins. Co. v. Nat'l Emergency Servs., Inc.*, 175 S.W.3d 284, 292 (Tex.App.–Houston [1st Dist.] 2004, pet. denied) (citing *Hefner v. Republic Indem. Co. of Am.*, 773 F. Supp. 11, 13 (S.D. Tex. 1991)).

### III.

### ANALYSIS

As addressed, prior to undertaking a conflict of laws analysis, the Court must examine the difference, if any, between Colorado and Texas law regarding relevant insurance law principles. Under Colorado law, an insured does not appear to have the right to pick an insurer to provide a defense from several that have time on a risk, whereas Texas law allows an insured to make such a choice. *Public Service Co. of Colorado v. Wallis and Cos.*, 986 P.2d 924, 939-41 (Colo. 1999); *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 854-55 (Tex. 1994). Further, Colorado law specifically recognizes the right of an insurer to seek contribution from non-participating insurers, while under Texas law there is generally no right to contribution between co-insurers and no right to contractual or equitable subrogation once an insured is made whole. *Nation Cas. Co. v. Great Sw.*

---

[2] Notably, the Texas Supreme Court has held a "defense claim is a first-party claim because it relates solely to the insured's own loss" seemingly making any recovery under such defense claims *payable* to the insured. *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 17 (Tex. 2007).

*Fire Ins. Co.*, 833 P.2d 741, 747-48 (Colo. 1992); *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 772 (Tex. 2007). Finally, it appears Colorado and Texas law differ in some respects regarding the standards for establishing bad faith in an insurance context. *Goodson v. Am. Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 414 (Colo. 2004); *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 194-96 (Tex. 1998). Because the laws of the two states diverge significantly on the pertinent legal principles, the Court will proceed with a conflict of laws analysis.

### A. The Contractual Claims

There is not a contractual agreement between the parties regarding which state's laws should govern. Looking to any potential statutory directives, Virginia Surety argues Texas Insurance Code Article 21.42 does not apply to the contractual claims in this case. (Br. in Supp. Of Virginia Surety Co., Inc.'s Mot. For Choice of Law 7-8; Br. in Supp. of Virginia Surety Co., Inc.'s Mot. for Choice of Law with Respect to Trammell Crow Residential 6-7.) Virginia Surety points to the three requirements for Article 21.42's application and argues Trammell Crow has not provided adequate evidence of its incorporation in Texas. (*Id.* at 7.) Further, Virginia Surety argues the insurance defense and indemnity costs under the Virginia Surety and APIC policies were payable to Colorado citizens and inhabitants, not Texas citizens and inhabitants as Article 21.42 requires. (*Id.* at 7-8.)

Trammell Crow counters that Article 21.42 should apply because Trammell Crow has established it is a citizen of Texas. (Plaintiff Trammell Crow Residential Co.'s Resp. to Virginia Surety Co., Inc.'s Mot. for Choice of Law and Br. in Supp. 5; Pl. Trammell Crow Residential Co.'s Resp. to Virginia Surety Co., Inc.'s Mot. for Choice of Law with Respect to Trammell Crow 11.) Further, Trammell Crow notes Virginia Surety issued its policy to Trammell Crow in Texas in the course of Virginia Surety's Texas business. (*Id.*) Any defense costs incurred by Trammell Crow in the Colorado Action constituted a direct loss to Trammell Crow, and thus, would be payable directly

to Trammell Crow.  (Pl. Trammell Crow Res. Co.'s Resp. to Virginia Surety Co., Inc.'s Mot. for Choice of Law and Br. in Supp. 6; Pl. Trammell Crow Res. Co.'s Resp. to Virginia Surety Co., Inc.'s Mot. for Choice of Law with Respect to Trammell Crow 11-14.)  Additionally, the underlying Colorado claimants have settled and no longer have an interest in this matter.  (Pl. Trammell Crow Residential Co.'s Resp. to Virginia Surety Co., Inc.'s Mot. for Choice of Law and Br. in Supp. 7; Pl. Trammell Crow Residential Co.'s Resp. to Virginia Surety Co., Inc.'s Mot. for Choice of Law with Respect to Trammell Crow 11-14.)

APIC and Old Republic similarly note they issued their policies to Trammell Crow, a Texas corporation, in Texas in the course of their Texas business.  (Third-Party Defs.' Am. Protection Ins. Co.'s and Old Republic Ins. Co.'s Joint Resp. to Virginia Surety Co.'s Mot. for Choice of Law 6-9.) APIC and Old Republic additionally argue that Article 21.42 is applicable to the situation because a commercial general liability policy is payable to its named insured, thereby making proceeds payable to Trammell Crow in this situation.  (*Id.* at 16.)

The Court notes Trammell Crow's defense claims would constitute first-party claims under Texas law.  Additionally, the underlying Colorado claimants in this matter have already been paid and no longer have a monetary interest in this matter.  As such, the Court considers the proceeds in question as payable to Trammell Crow.

The Court further finds Trammell Crow has adequately established it is a citizen or inhabitant of Texas. Additionally, the insurance policies issued by Virginia Surety, APIC and Old Republic were issued by companies doing business in Texas in the course of each company's Texas business.  Accordingly, the Court finds the requirements for the application of Article 21.42 have been met and, per Article 21.42's statutory directive, Texas law should be applied to all contractual claims at play in this matter.

### B. The Statutory Claims

Virginia Surety additionally contends Article 21.42 does not apply to Trammell Crow's statutory claims and that the Court must look to the Restatement to determine which state's laws should govern such claims. (Br. in Supp. of Virginia Surety Co., Inc.'s Mot. for Choice of Law with Respect to Trammell Crow Residential 7.) According to Virginia Surety, an analysis of the factors listed in Restatement § 188(2) weighs in favor of the application of Colorado law. (*Id.* at 8-10.)

Trammell Crow contends the correct analysis for the statutory claims would involve an analysis of the factors listed under Restatement § 145. (Pl. Trammell Crow Residential Co.'s Resp. to Virginia Surety Co., Inc.'s Mot. for Choice of Law with Respect to Trammell Crow Residential 20.) Trammell Crow argues an analysis under Restatement § 145's factors weighs in favor of the application of Texas law. (*Id.* at 20-21.)

The Court will look to the factors listed in Restatement § 145 in its conflict of laws analysis of the statutory claims. This matter involves the alleged breach of a policy purchased by a Texas corporation in Texas by an insurance company doing business in Texas. As such, it appears any injury occurred in Texas, where the insured resided and ultimately would have felt the effects of any bad faith denial of coverage. The conduct causing the injury occurred in Illinois where any claim handling in regards to Trammell Crow's policy took place. Trammell Crow is a Texas corporation; Virginia Surety is an Illinois corporation. Finally, the relationship between Trammell Crow and Virginia Surety is centered in Texas. Texas is the location of the policy's sale, the insured's business, and where the effects of any bad faith denials of coverage would have been experienced. Accordingly, the Court finds the factors listed in Restatement § 145 weigh in favor of applying Texas law to Trammell Crow's statutory claims.

### IV.

CONCLUSION

The Court finds Texas Insurance Code Article 21.42 is applicable to this action and, as such, Texas law should apply to any contractual claims involved in this matter. The Court further finds an analysis under Restatement § 145 weighs in favor of the application of Texas law to any statutory claims brought by Trammell Crow against Virginia Surety. Accordingly, Virginia Surety Company, Inc.'s Motion for Choice of Law (doc. 92) and Virginia Surety Company, Inc.'s Motion for Choice of Law with Respect to Trammell Crow Residential (doc. 114) are hereby **DENIED**. The Court will apply Texas law to all matters involved in this action.

SO ORDERED.

SIGNED October 16, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE